**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BRAD MICHAEL HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-07-1121-W |
| ) | |
| **TODD HIGGINS,** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, brings this suit under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Pursuant to an order entered by United States District Judge Lee R. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that the complaint be dismissed upon filing as moot.

**I. SCREENING**

Pursuant to 28 U.S.C. §1915(e)(2)(B), the court must dismiss a cause of action filed in forma pauperis against any defendant at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir 2001). Under § 1915(e), a district court may dismiss a complaint founded on "an indisputably meritless legal theory" or "clearly baseless" factual contentions. Neitzke v. Williams, 490

U.S. 319, 327 (1989). Thus, § 1915 gives a district court "the unusual power to pierce the veil of the complaint's factual allegations," id., and dismiss complaints based on factual allegations that are "irrational" or "wholly incredible." Neitzke, 490 U.S. at 328 (claims "describing fantastic or delusional scenarios" may be dismissed).

Finally, the United States Supreme Court held in Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998), that the existence of subject-matter jurisdiction is a threshold inquiry which must precede any merits-based determination. This requirement is "inflexible and without exception." Id. at 95 (internal quotation marks omitted).

## II. CLAIMS

Plaintiff alleges in his complaint that he is a pretrial detainee, and he brings this action against his court-appointed attorney. He alleged at the time he filed his complaint that he was facing criminal charges in Case No. CF-2006-270, District Court of Payne County. Complaint, p. 2. He claims that his attorney has visited him for less than one hour since April 2006, and has kept him ignorant of the proceedings, causing Plaintiff to file a complaint against him with the Oklahoma Bar Association. Id. at 2. He claims this has created a conflict of interest, but that his court-appointed attorney refuses to withdraw. Id. As relief, he seeks "a new court appointed attorney free of conflict of interest." Id. at 5.

The publically available electronic docket for the case cited and relied upon by Plaintiff in his complaint, Case No. CF-2006-270, District Court of Payne County, reveals that Plaintiff is no longer a pretrial detainee, but stands convicted in that case pursuant to his plea of guilty. Oklahoma State Courts Network, Docket No. CF-2006-270 p. 13, District

Court of Payne County (accessed June 20, 2008). It also reveals that two days after the instant case was filed, the state district court granted Plaintiff's motion for substitution of attorneys, the very relief Plaintiff states that he seeks herein. Id. at p. 12.

Article III of the United States Constitution limits the jurisdiction of federal district courts to adjudicating actual "cases" and "controversies ." U.S. Const. art. III, § 2; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). For the federal courts to retain jurisdiction over an action, "an actual controversy must be extant at all stages of review." Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1256 (10th Cir. 2004) (quoting Arizonans for Official English v. Arizona, 520 U. S. 43, 67 (1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome . . . The crucial question is whether 'granting a present determination of the issues offered . . . will have some effect in the real world.'" Id. (quotations and citations omitted).

The relief that Plaintiff requests, substitution of another court-appointed attorney, has already been granted and the criminal proceedings in which the controversy regarding Plaintiff's attorney arose have now been terminated, making appointment of an attorney to represent Plaintiff in that proceeding of no practical effect. Thus, Plaintiff's civil rights complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction. Further, since the Court is without jurisdiction to consider the complaint, the undersigned need not address whether Plaintiff's complaint has even stated a cognizable claim.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's complaint be dismissed upon filing for lack of subject matter jurisdiction due to lack of an extant case or controversy. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 10, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 20th day of June, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE